PAUL BEAUCHANE v. ROBERT H. SCHLEETER.

193 N. W. 2d 632.

January 14, 1972—No. 43065.

[1] Borchert v. Borchert, 279 Minn. 16, 21, 154 N. W. 2d 902, 906 (1967).

[2] Peterson v. Peterson, 274 Minn. 568, 571, 144 N. W. 2d 597, 600 (1966).

*Conrad J. Carr,* for appellant.
*Patrick K. Fallon,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

Per Curiam.

This is an action to recover for property damage to an automobile. The only issue on appeal is whether the evidence supports the findings with respect to the identity of a vehicle which collided with one driven by plaintiff. The court found for plaintiff and we reverse.

On April 24, 1970, at about 10:15 p. m., plaintiff's automobile was struck by a pickup truck near Bass Lake Road and Highway No. 52 in the village of Crystal. The truck left the scene of the accident without the driver identifying himself. Plaintiff was able to see the license plate and reported the number to the police, who disclosed that defendant was the owner. The following day, plaintiff and defendant drove to Winsted, some 57 miles from the scene of the accident, and together examined the truck bearing the license which plaintiff claims was attached to the hit-and-run vehicle.

Plaintiff testified that the vehicle belonging to defendant was the one which struck him, and the trial court so found. However, the evidence was little short of conclusive that defendant's vehicle was not at the scene of the accident the night of the collision. There was undisputed testimony that the vehicle identified by plaintiff was on a construction site in Winsted that evening. Five witnesses, including disinterested neighbors, corroborated testimony that the truck had been used to guard an excavation on a building site at all times during that evening and that it had not been moved. In addition, there was a rack on top of defendant's pickup containing loose lumber stacked in such a manner that the vehicle could not have been driven safely. Although plaintiff was positive that the license plate he saw was on the left side of the rear bumper, defendant's license was in the center of the bumper. Defendant's truck showed no evidence of a collision. Plaintiff saw the hit-and-run vehicle's license from a distance of 60 feet, and was unable to identify the color or make of the car.

In this state of the record, we hold as a matter of law that the findings are unsupported by the evidence, and reverse.

Reversed.

Mr. Justice Todd, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.